IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

**MAX D. BISHOP**                                                                   **PETITIONER**
**ADC #158156**

V.                              CASE NO. 5:18-CV-267-DPM-BD

**WENDY KELLEY, Director,**
**Arkansas Department of Correction**                              **RESPONDENT**

## RECOMMENDED DISPOSITION

**I.    Procedure for Filing Objections:**

This Recommended Disposition (Recommendation) has been sent to Judge D.P. Marshall Jr. Either party to this lawsuit may file written objections with the Clerk of Court. To be considered, objections must be filed within 14 days. Objections should be specific and should include the factual or legal basis for the objection.

If parties do not file objections, they risk waiving the right to appeal questions of fact. And, if no objections are filed, Judge Marshall can adopt this Recommendation without independently reviewing the record.

**II.   Background:**

A Benton County jury convicted petitioner Max D. Bishop of thirty counts of distributing, possessing, or viewing matter depicting sexually explicit conduct involving a child. *Bishop v. State*, 2015 Ark. App. 436, at 1. On each count, Mr. Bishop was sentenced to 48 months in the Arkansas Department of Correction, with counts 1-15 to

run consecutively, for a total of 720 months' imprisonment. Counts 16-30 were set to run concurrently with counts 1-15. *Id*.

Mr. Bishop filed a direct appeal challenging the sufficiency of the evidence to support the conviction. *Id*. On September 2, 2015, the Arkansas Court of Appeals affirmed the judgment. *Id*.

On November 20, 2015, Mr. Bishop filed a petition for post-conviction relief with the Benton County Circuit Court under Arkansas Rule of Criminal Procedure 37.1 and an amended petition on May 18, 2016. (#12-3, #12-4) After conducting a hearing, the trial court denied the petition. (#12-5) *Bishop v. State*, 2017 Ark. App. 435, at 1. Mr. Bishop appealed, and on September 13, 2017, the Arkansas Court of Appeals affirmed the trial court. *Id*. at 2. The Court of Appeals denied a petition for rehearing and issued its mandate on October 25, 2017. (#12-8, #12-9) *Id*.

## III.   Petitioner's Claims:

On October 18, 2018, Mr. Bishop mailed a petition for writ of habeas corpus to this Court claiming ineffective assistance based on: the trial counsel's failure to investigate research performed by forensic experts; the trial counsel's failure to move to suppress the fruits of the search of his residence and seized electronic devices; the trial and appellate counsel's failure to investigate the proper unit of prosecution causing Mr. Bishop to be charged with multiple offenses in violation of the Fifth Amendment; and the trial counsel's failure to object to the prosecution's playing a "highly edited and prejudicial" audio recording of his interview with police. (#2 at 4-8) Additionally, Mr. Bishop claims that he was "constructively denied effective assistance of counsel,"

because no one would have been able to effectively represent him "under the given circumstances." (#2 at 8)

Director Kelley responded to the petition with a motion to dismiss, asserting that Mr. Bishop's claims are barred by the applicable statute of limitations. (#11) Mr. Bishop has responded to the motion, and the case is ripe for decision. (#15, #16)

### IV.    Statute of Limitations:

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year limitations period for a state prisoner to file a federal habeas corpus petition. 28 U.S.C. § 2244(d)(1)(A). For most habeas cases, the limitations period begins to run from the later of, "the date on which the judgement became final by the conclusion of direct review or the expiration of the time limit for seeking such review." *Id.*

The Arkansas Court of Appeals decided Mr. Bishop's direct appeal on September 2, 2015, and his time to seek review in the Arkansas Supreme Court expired eighteen days later, on September 21, 2015. ARK. SUP. CT. R. 2-4(a); ARK. R. APP. P. –CRIM. 17. Mr. Bishop did not seek Arkansas Supreme Court review. Thus, the one-year federal statute of limitations began to run for Mr. Bishop on September 22, 2015, the day after the time expired for seeking review of Court of Appeals's decision. See *Gonzalez v. Thaler*, 565 U.S. 134, 137 (2012) (the judgment becomes "final" on the date that the time for seeking review expires).

Mr. Bishop did not file the current habeas petition until October 2018, over two years after the statute of limitations had expired. Accordingly, his claims are barred unless the statute of limitations can be tolled.

A. *Tolling*

The AEDPA provides for tolling during the pendency of a "properly filed application for State post-conviction or other collateral review." 28 U.S.C. §2244(d)(2). The limitations period is not tolled, however, in the interval between the conclusion of direct review and the filing of a state post-conviction petition. *McMullan v. Roper*, 599 F.3d 849, 852 (8th Cir. 2010), *cert. denied*, 562 U.S. 1047 (2010). Further, the limitations period is subject to equitable tolling only if a petitioner can show that he pursued his rights diligently, and that some extraordinary circumstances stood in his way and prevented a timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

The statute of limitations was tolled from the date Mr. Bishop filed his state petition for post-conviction relief (November 20, 2015) until the conclusion of his appeal of the order denying Rule 37 relief. The Arkansas Court of Appeals affirmed the trial court's denial of Mr. Bishop's post-conviction petition on September 13, 2017.[1] Mr. Bishop had eighteen days from the date of the Court of Appeals's decision to seek review from the Arkansas Supreme Court, but he did not appeal. ARK. SUP. CT. R. 2-4(a). Accordingly, the limitations period began to run again on October 3, 2017. Because the

---

[1] Mr. Bishop sought rehearing from the Court of Appeals. The Court denied his petition for rehearing and issued a mandate on October 25, 2017.

4

statute of limitations had run for 59 days before his post-conviction petition was filed, the limitations period expired 306 days later, on Saturday, August 4, 2018. Mr. Bishop had until Monday, August 6, 2018, to mail his petition for it to be deemed timely. He did not mail his federal petition, however, until October 18, 2018, more than two months later. His petition, therefore, is barred by the statute of limitations. 28 U.S.C. § 2244(d)(1)(A).

In his response to the motion to dismiss, Mr. Bishop argues that his petition was timely because the time between the date the Court of Appeals affirmed his conviction and the date he properly filed his state post-conviction petition should not count toward the statute of limitations. (#16) But Mr. Bishop is mistaken about the law. The time between the date that direct review of a conviction is completed and the date the application for state post-conviction relief is filed counts against the one-year statute of limitation period for filing a federal habeas petition. See *Curtiss v. Mount Pleasant Corr. Facility*, 338 F.3d 851, 853 (8th Cir. 2003).

The statute of limitations is subject to equitable tolling in cases where the petitioner can establish that some extraordinary circumstance stood in his way of filing a timely petition. *Pace*, 544 U.S. at 418. Here, Mr. Bishop has not alleged any extraordinary circumstance, however, that prevented him from filing a timely petition. Typically, a petitioner's *pro se* status, lack of legal knowledge or legal resources, and confusion about, or miscalculations of, the limitations period do not constitute extraordinary circumstances warranting equitable tolling. See *Johnson v. Hobbs*, 678 F.3d 607, 611 (8th Cir. 2012) (holding that petitioner's *pro se* status or lack of

understanding of post-conviction rules cannot support equitable tolling); see also *Shoemate v. Norris*, 390 F.3d 595, 598 (8th Cir. 2004).

    B. *Actual Innocence*

Actual innocence, if proved, serves as a gateway through which a petitioner may pass to overcome the expiration of the statute of limitations. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). The *McQuiggin* Court cautioned that "tenable actual-innocence gateway pleas are rare," and made it clear that "a petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id*. (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). Mr. Bishop has not come forward with new evidence of actual innocence to overcome the expiration of the statute of limitations.

**V.**    **<u>Certificate of Appealability</u>:**

When entering a final order adverse to a petitioner, the Court must issue or deny a certificate of appealability. Rule 11 of the Rules Governing Section 2254 Cases in the United States District Court. The Court can issue a certificate of appealability only if Mr. Bishop has made a substantial showing that he was denied a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). In this case, Mr. Bishop has not provided a basis for the Court to issue a certificate of appealability, and the Court recommends that a certificate of appealability be denied.

## VI.  Conclusion:

Mr. Bishop's petition is time-barred. The Court recommends, therefore, that Director Kelley's motion to dismiss (#11) be GRANTED and that Max Bishop's petition for writ of habeas corpus (#2) be DISMISSED, with prejudice. In addition, the Court finds no grounds to issue a certificate of appealability.

DATED this 20th day of February 2019.

_____
UNITED STATES MAGISTRATE JUDGE